✎AO 245B    (Rev. 09/08) Judgment in a Criminal Case
   Sheet 1

# UNITED STATES DISTRICT COURT

District of      **COLORADO**

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|

**V.**

BETH J. NEUGER

Case Number:      1:10-cr-00566-MSK-02

USM Number:      37341-013

Joe Alfred Izen, Jr., Retained
Defendant's Attorney

## THE DEFENDANT:

[X] pleaded guilty to Count(s)  13 of the Indictment

[ ] pleaded nolo contendere to Count(s)
  which was accepted by the Court.

[ ] was found guilty on Count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7206(1) | Filing a False Tax Return | 11/05/10 | 13 |

   The defendant is sentenced as provided in pages 2 through ___9___ of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on Count(s)

[ ] Count(s) _____ [ ] is  [ ] are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 15, 2011
Date of Imposition of Judgment

*/s/Marcia S. Krieger*
Signature of Judge

Marcia S. Krieger, U.S. District Judge
Name and Title of Judge

November 22, 2011
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Probation

Judgment—Page ___2___ of ___9___

DEFENDANT:         BETH J. NEUGER
CASE NUMBER:       1:10-CR-00566-MSK-01

# PROBATION

The defendant is hereby sentenced to probation for a term of:    three (3) years

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall provide access to any requested financial information.

AO245B     (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3C — Probation

Judgment—Page ___3___ of ___9___

DEFENDANT:          BETH J. NEUGER
CASE NUMBER:        1:10-cr-00566-MSK-02

# SPECIAL CONDITIONS OF PROBATION

1.    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2.    As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.

3.    The defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding state and federal income taxes.  This includes resolution of any tax arrearages as well as continued compliance with state and federal laws regarding the filing of taxes.

4.    The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

5.    The defendant shall be placed on home detention for a period of ten (10) months, to commence within 21 days of sentencing.  During this period, the defendant shall remain at her place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at her place of residence without any special services, modems, answering machines, or cordless telephones.  The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___4___ of ___9___

DEFENDANT:        BETH J. NEUGER
CASE NUMBER:      1:10-cr-00566-MSK-02

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 31,563.01 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
| Internal Revenue Service - RACS Attn: Mail Stop 6261, Restitution 333 W. Pershing Ave. Kansas City, MO 64108 | $31,563.01 | $31,563.01 | |
| **TOTALS** | $    31,563.01 | $    31,563.01 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for the   ☐ fine   ☒ restitution.

☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page ___5___ of ___9___

DEFENDANT:          BETH J. NEUGER
CASE NUMBER:        1:10-cr-00566-MSK-02

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance     ☐ C,    ☐ D,    ☐     E, or    ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☒ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

      Payments on the restitution amount shall be based upon the defendant's income and expenses and in accordance with a schedule of
       payments to be developed between the defendant and her probation officer and reviewed and approved by the Court within 60 days
       of the advent of probation.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following Court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

AO 245B  (Rev. 09/08) Criminal Judgment
Attachment (Page 1) — Statement of Reasons

DEFENDANT:          BETH J. NEUGER
CASE NUMBER:      1:10-cr-00566-MSK-02

# STATEMENT OF REASONS

## I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A  [X]      **The Court adopts the presentence investigation report without change.**

B  [ ]      **The Court adopts the presentence investigation report with the following changes.**

(Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

1  [ ]   **Chapter Two of the U.S.S.G. Manual** determinations by Court (including changes to base offense level, or specific offense characteristics):

2  [ ]   **Chapter Three of the U.S.S.G. Manual** determinations by Court (including changes to victim-related adjustments,  role in the offense, obstruction of justice, multiple Counts, or acceptance of responsibility):

3  [ ]   **Chapter Four of the U.S.S.G. Manual** determinations by Court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  [ ]   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  [ ]      **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II   COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A  [ ]   No Count of conviction carries a mandatory minimum sentence.

B  [ ]   Mandatory minimum sentence imposed.

C  [ ]   One or more Counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

[ ]   findings of fact in this case

[ ]   substantial assistance (18 U.S.C. § 3553(e))

[ ]   the statutory safety valve (18 U.S.C. § 3553(f))

## III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level:   __12__
Criminal History Category:   __1__
Imprisonment Range:   __10__ to __16__ months
Supervised Release Range:   _____ to __1__ year
Fine Range: $ __3,000.00__ to $ __30,000.00__
[X]   Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 09/08) Criminal Judgment
Attachment (Page 2) — Statement of Reasons

Judgment—Page    7    of    9

DEFENDANT:        BETH J. NEUGER
CASE NUMBER:      1:10-cr-00566-MSK-02

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A    ☐    **The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.**

B    ☐    **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
(Use page 4 if necessary.)

C    ☐    **The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
(Also complete Section V.)

D    ☒    **The Court imposed a sentence outside the advisory sentencing guideline system.**  (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A    **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B    **Departure based on** (Check all that apply.):

1        **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the Court
☐ plea agreement for departure, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2        **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3        **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D    **Explain the facts justifying the departure.**  (Use page 4 if necessary.)

AO 245B    (Rev. 09/08) Criminal Judgment
           Attachment (Page 3) — Statement of Reasons

Judgment—Page    8    of    9

DEFENDANT:            BETH J. NEUGER
CASE NUMBER:          1:10-cr-00566-MSK-02

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
    (Check all that apply.)

A    **The sentence imposed is** (Check only one.):
     [X] below the advisory guideline range

     [ ] above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

     1    **Plea Agreement** (Check all that apply and check reason(s) below.):
         [ ] binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
         [ ] plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
         [ ] plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory guideline
            system

     2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
         [ ] government motion for a sentence outside of the advisory guideline system
         [X] defense motion for a sentence outside of the advisory guideline system to which the government did not object
         [ ] defense motion for a sentence outside of the advisory guideline system to which the government objected

     3    **Other**
         [ ] Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

     [X] the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

     [ ] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

     [ ] to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

     [ ] to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

     [ ] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
         (18 U.S.C. § 3553(a)(2)(D))

     [ ] to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

     [ ] to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**   (Use page 4 if necessary.)

AO 245B      (Rev. 09/08) Criminal Judgment
             Attachment (Page 4) — Statement of Reasons

DEFENDANT:         BETH J. NEUGER
CASE NUMBER:       1:10-cr-00566-MSK-02

# STATEMENT OF REASONS

## VII   COURT DETERMINATIONS OF RESTITUTION

A ☐  Restitution Not Applicable.

B  Total Amount of Restitution:   $31,563.01

C  Restitution not ordered (Check only one.):

  1  ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of
         identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

  2  ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex
         issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree
         that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

  3  ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not
         ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh
         the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

  4  ☐   Restitution is not ordered for other reasons.  (Explain.)


D ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):


## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

The defendant is sentenced as provided in pages 2 through 9 of this judgment in accordance with the findings and conclusions made
in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant
to the Sentencing Reform Act of 1984.